UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TSADDIQ NDESHA CHEW,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)   CV420-142<br>)   CR415-182<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER AND REPORT AND RECOMMENDATION

Tsaddiq Ndesha Chew pleaded guilty to one count of possession of a firearm by a convicted felon, as an armed career criminal, and one count of possession with intent to distribute cocaine base. Doc. 30 at 1.[1] He was sentenced on April 29, 2016 to 188 months of incarceration and five years of supervised release. *Id.* at 2-3. His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence because of the Supreme Court's decision in *Rehaif v. United* States, ___ U.S. ___, 139 S. Ct. 2191 (2019). Doc. 33. He also requests appointed

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR415-182.

counsel. Doc. 32. His Motion to Appoint Counsel is **DENIED**. Doc. 32. As explained below, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 33.

## ANALYSIS

### I. Appointment of Counsel

There is no constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (there is no constitutional right to counsel when collaterally attacking a conviction or sentence); *Barbour v. Haley*, 471 F.3d 1222, 1227-32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel). The Court *may* appoint counsel, pursuant to 18 U.S.C. § 3006A(a)(2)(B), for indigent movants seeking § 2255 relief, at the Court's discretion. *See id.* ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Appointment of counsel is appropriate only in "exceptional circumstances," *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992), where appointment is

"necessary to due process." *Norris v. Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (citations omitted); DONALD E. WILKES, JR., *Federal Postconviction Remedies & Relief* § 2.2 (July 2020) ("Except in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," counsel need not be appointed).  This case does not present any such circumstances.

The Rules Governing Section 2255 Proceedings provide that counsel must be appointed if an evidentiary hearing is needed or if certain discovery is required, provided that the movant qualifies under 18 U.S.C. § 3006A(g).  Rules 6(a), 8(c).  Since, as explained below, his motion should be denied, no evidentiary hearing is necessary.  Accordingly, his request for appointment of counsel is **DENIED.**  Doc. 32.

**II.   Section 2255 Motion**

Chew's Motion simply invokes the Supreme Court's opinion in *Rehaif* but does not articulate any argument why that opinion renders Chew's sentence unconstitutional.  *See* doc. 33 at 1.

As an initial matter, defendant's motion is timely.  A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Judgment was entered against defendant on May 2, 2016.  Doc. 30.  He did not file an appeal before the deadline to appeal ran on May 16, 2016.  Fed. R. App. P. 4(b)(1)(A).  He had one year from that date to file a habeas motion.  His motion was signature filed on June 16, 2020.  Doc. 33.

Despite being untimely pursuant to §2255(f)(1), the Eleventh Circuit has recently held "*Rehaif* announced a new rule of substantive law that applies retroactively . . . ." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022).  This Court previously noted that *Rehaif*'s implications for § 2255(f) were "unclear."  *See United States v. Johnson*,

2020 WL 5736706, at *1 (S.D. Ga. July 29, 2020). The Eleventh Circuit's decision in *Seabrooks*, however, seems to have resolved any remaining uncertainty. Since *Rehaif* was decided on June 21, 2019, *see* 139 S.Ct. at 1291, Chew's motion was timely filed, pursuant to § 2255(f)(3).

Even though it is timely, § 2255 affords Chew no relief. The Court of Appeals for the Eleventh Circuit has determined that a guilty plea waives any *Rehaif*-based issues. Specifically, the Court explained, that:

> For an indictment to confer subject matter jurisdiction upon a district court, it must allege that a defendant committed one or more "offenses against the laws of the United States." *United States v. Moore*, 954 F.3d 1322, 1333 (11th Cir. 2020) (quotations omitted). Notably, however, "[t]he absence of an element of an offense in an indictment is not tantamount to failing to charge a criminal offense against the United States." *Id.* (emphasis added). A defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him. *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014). A jurisdictional defect, by contrast, may not be waived or procedurally defaulted, so a defendant need not show cause and prejudice to collaterally attack a conviction suffering from a jurisdictional defect. *McCoy*, 266 F.3d at 1248-49.
>
> It is "unlawful for any person" who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g). Section 924(a)(2) provides

> that any person who "knowingly violates" § 922(g) may be imprisoned for up to ten years. *Id.* § 924(a)(2).
>
> In *Rehaif*, the Supreme Court held that, "in a prosecution under . . . § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. However, because *Rehaif* "neither stated nor intimated that [§] 922(g) is not a criminal prohibition," and because § 924(a)(2) is a penalty provision and "cannot stand alone as the sole criminal offense," we've rejected the claim that § 924(a)(2) must be included in an indictment to confer jurisdiction on the district court. *Moore*, 954 F.3d at 1337. Thus, as we concluded in *Moore*, neither a criminal indictment's failure to include a mens rea element in charging a defendant of violating 18 U.S.C. § 922(g), nor that indictment's failure to track the language of § 924(a)(2), deprives a district court of jurisdiction to enter a conviction against a defendant. *Id.* at 1336–37.

*Marks v. United States*, 834 F. App'x 568, 569 (11th Cir. 2021). Chew does not allege that his guilty-plea was not knowing and voluntary. *See* doc. 33; *see also* doc. 25 (Rule 11 Minutes). Because a "defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him," and because a "*Rehaif* error is non-jurisdictional," *Marks*, 834 F. App'x at 569, Chew's voluntary guilty plea waived any challenged to his indictment. Thus, his motion should be

**DENIED**, doc. 33, and civil action CV420-142 should be **DISMISSED** in its entirety.

## CONCLUSION

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 1st day of June, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA